[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. Docket No. CR7-102695; Karen Goodrow, Esq., Defense Counsel, for the Petitioner Robert O'Brien, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury petitioner was convicted of one count of robbery in the first degree in violation of General Statutes Section 53a-134 (a)(2) and a sentence of twenty years was imposed. This sentence was to run concurrently with a sentence then being served.
The evidence at trial indicated that petitioner entered a gasoline service station at about 9:30 in the evening while a sixteen year old boy was working as cashier. Petitioner forced the boy to turn over money in the register by placing a loaded pistol to the young man's head.
Petitioner's attorney stated that the crime and petitioner's prior crimes were all drug related. It was stated that he suffered from a serious drug habit. At the time of trial it was stressed that petitioner was angry because the system had done nothing for him. It was argued that the sentence was excessive considering the crime.
Speaking on his own behalf petitioner stated that at the time of the crime and the trial he was frustrated and under pressure due to his drug addiction. He stressed his good record in prison and evidence of his involvement in Narcotics Anonymous CT Page 8410 and church activities.
The state attorney argued that the sentence was appropriate in that a loaded pistol was pointed at the head of the victim during the robbery. The state's attorney also pointed out that the sentence was concurrent with other sentences, the balance of which was just about five years.
Petitioner came before the trial judge for sentencing with a long criminal record. He had numerous convictions for larceny offenses. Petitioner may have been addicted to drugs but that involvement cannot excuse his long criminal record or the serious crimes for which he was convicted. In imposing sentence it was appropriate for the sentencing judge to consider these factors and the necessity of protecting the public from such conduct.
Although the sentence imposed was the maximum, it was concurrent with the sentence for a similar crime which petitioner was then serving.
Considering all of the factors existing at the time of sentencing it must be found that the sentence was not excessive or inappropriate and should not be modified.
Sentence affirmed.
PURTILL, J. NORKO, J. STANLEY, J.
Purtill, J., Norko, J. and Stanley, J. participated in the decision.